Filed 6/12/23 P. v. Murrillo CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C095036 |
| Plaintiff and Respondent, | (Super. Ct. No. 20FE014912) |
| v. | |
| MARCO ANTONIO MURRILLO, | |
| Defendant and Appellant. | |

A jury found defendant Marco Antonio Murillo guilty of numerous crimes including assault with a deadly weapon. After the trial court denied his motion for a new trial, the court sentenced defendant to an aggregate term of five years eight months in state prison. On appeal, defendant contends the prosecutor committed misconduct by attempting to elicit inadmissible testimony from the victim Y. when she testified at trial. The trial court, he argues, thus erred in denying his motion for a mistrial and motion for a new trial. We disagree and affirm the judgment.

1

The People charged defendant with assault with a deadly weapon (Pen. Code, § 245, subd. (a)(2)), making criminal threats (§ 422), grossly negligent discharge of a firearm (§ 246.3), inflicting corporal injury on a person with whom defendant was in or had previously been in a dating relationship (§ 273.5, subd. (a)), and child endangerment under circumstances likely to cause great bodily injury or death (§ 273a, subd. (a)). The People further alleged defendant personally used a firearm in the commission of the crime (§ 12022.5, subd. (a)). Defendant pleaded not guilty.

At trial, while the prosecutor was questioning the victim Y., the following exchange took place: "Is this the first time the defendant has struck you?

"[Defense Counsel]: Relevance.

"THE COURT: I'm sorry?

"[Defense Counsel]: Relevance.

"THE COURT: Approach please." After an unreported bench conference, the prosecutor continued their examination of the victim without returning to the question of prior acts of violence.

Later, as the court was set to break for lunch, while the jury was out of the courtroom, defense counsel moved for a mistrial. Defense counsel argued the prosecutor's inquiry into prior acts of violence was prejudicial. Counsel noted, the witness answered the prosecutor's question in the affirmative, and her answer was left in the record. That too, he argued, was prejudicial. The court denied the motion.

The jury found defendant guilty on each charge except child endangerment. The jury also found true the allegation that defendant personally used a firearm during the commission of the assault. Before sentencing, defendant filed a motion for a new trial. The court denied the motion: "The standard for reviewing a new trial motion is if there's substantial evidence to sustain the verdict. Clearly the question that has given rise to all

of this, was a question that should not have been asked, but in reviewing the transcript, I'm not even sure she answered. One paper says the answer was no, and the other one says it was yes. The transcript does not have an answer at all.

"So the Court – the Court at side bar sustained the objection as to relevance, and denied the motion to strike because there's nothing in the record to strike.

"At this point, the Court does not believe that that question and potential answer would justify a new trial.

"[Y.] testified for the better part of a day. This is one question, one equivocal answer. The Court, thereafter, believed that bringing more attention to it would not be of anyone's interest and further directed the People not to bring up anything concerning that issue in any subsequent part of the trial."

The court sentenced defendant to an aggregate term of five years eight months in state prison.

## DISCUSSION

On appeal, defendant contends the trial court erred in denying both his motion for a mistrial and his motion for a new trial. In support of his contention, defendant argues the prosecutor committed misconduct by attempting to introduce prior acts of violence "by surprise" during trial. The misconduct, he argues, was "highly prejudicial" and warrants reversal. We are not persuaded.

A motion for mistrial should be granted " 'only when " 'a party's chances of receiving a fair trial have been irreparably damaged' " ' [citation], that is, if it is 'apprised of prejudice that it judges incurable by admonition or instruction' [citation]. 'Whether a particular incident is incurably prejudicial is by its nature a speculative matter, and the trial court is vested with considerable discretion in ruling on mistrial motions.' " (*People v. Avila* (2006) 38 Cal.4th 491, 573.) Accordingly, we review a trial court's ruling on a

3

motion for mistrial under the deferential abuse of discretion standard. (*People v. Bolden* (2002) 29 Cal.4th 515, 555.)

Similarly, " ' "[t]he determination of a motion for a new trial rests so completely within the court's discretion that its action will not be disturbed unless a manifest and unmistakable abuse of discretion clearly appears." ' [Citations.] ' "[I]n determining whether there has been a proper exercise of discretion on such motion, each case must be judged from its own factual background.' " [Citation.]" (*People v. Delgado* (1993) 5 Cal.4th 312, 328.)

And finally, "to establish reversible prosecutorial misconduct a defendant must show that the prosecutor used " 'deceptive or reprehensible methods' " and that it is reasonably probable that, without such misconduct, an outcome more favorable to the defendant would have resulted." (*People v. Navarro* (2021) 12 Cal.5th 285, 332.) " 'The deliberate asking of questions calling for inadmissible and prejudicial answers is misconduct.' " (*People v. Bell* (1989) 49 Cal.3d 502, 532.) "Generally, [however,] there is no prejudice where an objection is made and sustained." (*People v. Trinh* (2014) 59 Cal.4th 216, 249.) "We review claims of prosecutorial misconduct under an abuse of discretion standard." (*People v. Dworak* (2021) 11 Cal.5th 881, 910.)

Here, the prosecutor asked Y. a question which could have elicited an inadmissible answer; however, before Y. could answer, defense counsel objected and the court sustained the objection. Thus, "no inadmissible testimony was heard by the jury." (*People v. Trinh*, *supra*, 59 Cal.4th at p. 249.) Moreover, as noted by the trial court, the question asked by the prosecutor was a single, unanswered question in a nearly full day of testimony from the victim. The consequences of this question fall "far short of 'infect[ing] the trial with such unfairness as to render the subsequent conviction a denial of due process' [citation], and there is no reasonable probability [it] influenced the verdict . . . ." (*Ibid.*)

4

In short, on this record, even were we to decide there was misconduct, it certainly did not prejudice defendant and the court acted within its discretion denying defendant's motions.

DISPOSITION

The judgment is affirmed.

_____

HULL, Acting P. J.

We concur:

_____

MAURO, J.

_____

RENNER, J.